SCHOENBURG and another, Appellants, vs. KLAPPERICH and others, Respondents.

*September 9—December 2, 1941.*

For the appellants there was a brief by *William E. Kaplan* of Wausau, and oral argument by *Theo. W. Brazeau* of Wisconsin Rapids.

*Reginald I. Kenney* of Milwaukee, for the respondents.

The following opinion was filed October 7, 1941:

MARTIN, J.  This appeal presents the single question: Are the incorporators and stockholders of a stock co-operative association, incorporated under ch. 185, Stats., subject to the provisions of sec. 180.06 (4), Stats.?

Sec. 180.06 (4), Stats., forbids a corporation to transact business with any others than its members until one half of its capital stock shall have been subscribed and one fifth of its authorized capital actually paid in.  If Associated Buyers Co-operative, Inc., is subject to the provisions of sec. 180.06 (4) the defendants are liable to the plaintiffs and the complaint states a good cause of action.

Fundamentally, a co-operative association organized under ch. 185, Stats., with capital stock is a corporation; but the

legislature has seen fit to set up a separate chapter of laws relative to its organization, powers, functions, and dissolution (ch. 185, Stats.). Sec. 185.01, Stats., defines the word "association" as meaning a corporation organized under ch. 185, Stats. Sec. 185.08 (1), Stats., provides:

"An association created under sections 185.01 to 185.22, inclusive, shall have all the powers of a corporation organized under section 180.02, subject to the provisions of section 185.20."

Sec. 185.20, Stats., provides: `

"*General corporation law to apply.* The general corporation law of this state shall apply to all associations, except where said general corporation law expressly exempts such association, or where the provisions of said general corporation law are opposed to or inconsistent with the provisions of this chapter [ch. 185, Stats.]."

There is no express exemption in favor of co-operative associations under sec. 185.20, Stats.

The next consideration is whether sec. 180.06 (4), Stats., which, so far as here material, provides:

"The corporation shall not transact business with any others than its members until one half of its capital stock shall have been subscribed and one fifth of its authorized capital actually paid in. . . . If any obligation shall be contracted in violation hereof, the corporation offending shall have no right of action thereon; but the signer or signers of the articles and the subscriber or subscribers for stock transacting such business or authorizing the same, or having knowledge thereof, consenting to the incurring of any debt or liability, as well as the stockholders then existing, shall be personally liable upon the same."—

is opposed to or inconsistent with the provisions of ch. 185, Stats.

The trial court in its opinion says:

"To determine if sec. 180.06 (4) is opposed to or inconsistent with the provisions of sec. 185.20 we must construe

and consider sec. 180.06 (4), sec. 185.01, and sec. 185.20, together, in the light of the definition given to the word, 'corporation.' As a result we must arrive at the inevitable conclusion that sec. 180.06 (4) applies only to those corporations not organized under ch. 185. This construction gives the co-operatives the liberality and favor contemplated in the law. No other construction would do so."

Sec. 185.01 (1), Stats., defines both a corporation and an association as follows:

". . . 'Corporation' means a corporation not organized under this chapter. 'Association' means a corporation organized under this chapter. . . ."

Sec. 185.20, Stats., is plain and unambiguous. No interpretation is necessary. *State ex rel. Associated Indemnity Corp. v. Mortensen,* 224 Wis. 398, 400, 272 N. W. 457. The same is true of the other sections mentioned.

Ch. 185, Stats., relates to co-operative associations authorized and empowered to do business in a corporate capacity. The Associated Buyers Co-operative, Inc., is so organized under this chapter. The phrase in sec. 185.20, "opposed to or inconsistent with the provisions of this chapter" (ch. 185, Stats.), is likewise clear and unambiguous, and not open to judicial construction. Nontechnical words and phrases shall be construed and understood according to the common and approved usage of the language. *Wadhams Oil Co. v. State,* 210 Wis. 448, 458, 245 N. W. 646, 246 N. W. 687.

Sec. 185.20, Stats., was enacted as a part of ch. 490, Laws of 1921. It was in the form of an amendment to the then secs. 1786e—1 to 1786e—17, relating to co-operative associations. It became effective July 11, 1921. On May 11, 1922, the attorney general, in response to a request from the secretary of state, gave as his opinion that co-operative associations organized as corporations were required, within the time limited by ch. 490, Laws of 1921, in order to con-

tinue their corporate existence, to either reduce their capital stock or to sell additional stock so that they should have fifty per cent subscribed and twenty per cent paid in by July 1, 1922. (See XI Op. Atty. Gen. 392–395.)

Prior to the 1921 amendment, sec. 1786e—16, Stats. 1919, read:

". . . No association organized under sections 1786e—1 to 1786e—17, inclusive [relative to co-operative associations], shall be required to do or perform anything not specifically required herein, in order to become a corporation or to continue its business as such."

The 1921 amendment struck out this provision and substituted therefor the following, sec. 1786e—16a:

"The general corporation law of this state shall apply to all associations organized under sections 1786e—1 to 1786e—17, inclusive, except where said general corporation law *expressly* exempts such association or where the provisions of said general corporation law are opposed to or inconsistent with the provisions of sections 1786e—1 to 1786e—17, inclusive."

This latter section has since been renumbered and is now sec. 185.20, Stats. Ch. 490, Laws of 1921, further amended sec. 1786e—17 (3) to provide:

"Every corporation or association in existence at the time of the passage of this act, which is affected by any provision hereof, shall have until July 1, 1922, to comply with such provision. . . ."

All intervening sessions of the legislature, since 1921 to the present time, have acquiesced in the attorney general's interpretation of the 1921 amendment.

The purpose of sec. 180.06 (4), Stats., is obvious. It affords a protection to creditors and to some extent to the shareholders. In *Anvil Mining Co. v. Sherman,* 74 Wis. 226,

233, 42 N. W. 226, referring to sec. 1773 (now sec. 180.06 (4), Stats.); the court said:

"The object of the statute seems to be to prevent fictitious and fraudulent corporations from extorting money from confiding stockholders, and obtaining credit when they have no real basis of capital to do business upon and no resources to meet their liabilities."

The creditors of a co-operative association incorporated under ch. 185, Stats., are entitled to the same protection as afforded creditors of other corporations by having fifty per cent of the authorized capital stock subscribed for and at least twenty per cent actually paid in. The short life of the instant corporation, Associated Buyers Co-operative, Inc., clearly demonstrates the necessity of a capital structure such as sec. 180.06 (4), Stats., requires before the corporation may transact business and incur obligations with others than its own members. We take judicial notice of the records in the office of the secretary of state from which it appears that Associated Buyers Co-operative, Inc., was incorporated on September 9, 1939, and from the pleadings in the instant case it appears that it was adjudged insolvent on June 11, 1940.

We must hold that sec. 180.06 (4), Stats., is applicable to co-operative associations which are organized as corporations under ch. 185, Stats., and that sec. 185.20, Stats., incorporates the general corporation laws in said ch. 185, Stats. The general corporation law, which requires that a corporation must have fifty per cent of its authorized capital stock subscribed for and at least twenty per cent actually paid in before it may transact business or incur obligations with others than its own members, is not opposed to or inconsistent with the provisions of ch. 185, Stats.

It is alleged in the complaint that on and between the 27th day of November, 1939, and the 18th day of March, 1940, plaintiffs furnished Associated Buyers Co-operative, Inc., certain goods, wares, and merchandise at its special instance and request at the agreed value of $610.50. It is

further alleged that it had less than one half of its capital stock subscribed and had less than one fifth of its authorized capital stock actually paid in, during all of said period; and that said corporation transacted business with others than its members, during said period, contrary to the provisions of sec. 180.06 (4), Stats.

It is considered that the complaint states a good cause of action and that the several demurrers should have been over-ruled.

*By the Court.*—The several orders sustaining demurrers are reversed. Cause remanded with directions to enter orders overruling said demurrers and further proceedings according to law.

A motion for a rehearing was denied, without costs, on December 2, 1941.